9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alcides DURADES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4078.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1993.[1]
Decided Oct. 21, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Alcides Durades appeals pro se from the denial of his motion pursuant to 28 U.S.C. Sec. 2255 to vacate, correct, or set aside his sentence. We affirm.
 
 
 2
 A jury convicted Durades of possession of cocaine with intent to distribute (21 U.S.C. Sec. 841(a)(1)). He was sentenced to 97 months' imprisonment. This court upheld his conviction and sentence in United States v. Durades, 929 F.2d 1160 (7th Cir.1991).
 
 
 3
 Durades' Sec. 2255 motion alleged ineffective assistance of counsel and various errors under Rule 32.
 
 
 4
 Durades failed to raise any of these issues in his direct appeal. Thus, he may not obtain collateral relief unless he can show both cause excusing his failure to raise the claims on direct appeal and actual prejudice resulting from the alleged errors. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Reed v. United States, 985 F.2d 880 (7th Cir.1993). Counsel's ineffectiveness may constitute cause excusing the failure to raise the claims where, as here, defendant had the same attorney at trial and on direct appeal. Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992); United States v. Taglia, 922 F.2d 413, 417 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991).
 
 
 5
 In order to show ineffective assistance of counsel, petitioner must establish that his attorney committed errors so serious that his performance fell below an objective standard of reasonableness, and that the attorney's deficient performance prejudiced him by causing an unreliable result at trial, or a fundamentally unfair proceeding. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993), citing Strickland v. Washington, 466 U.S. 668, 687 (1984). If petitioner fails to show prejudice resulting from counsel's alleged errors, he has procedurally defaulted on his remaining claims. Velarde, 972 F.2d at 827, 828-29.
 
 
 6
 Petitioner points to several alleged errors made by his attorney. Contrary to petitioner's argument, however, we find the record shows that at the sentencing hearing petitioner informed the court that he had read the Presentence investigation report (PSI), had discussed it with his attorney, and had no changes to make. See Durrive v. United States, No. 92-3872 (7th Cir. Sept. 10, 1993). We also find that the sentencing judge expressly asked petitioner whether he had read the PSI and had any objections. We also find that the record clearly indicates that petitioner was assigned Criminal History Category I. In addition, the reduction in guideline range that petitioner believes he should have received (from 121-151 months, to 78-97 months) is exactly the reduction he received. We next find, again contrary to petitioner's argument, that the court refused to add two points for obstruction of justice. Similarly, the district court did in fact subtract two points for acceptance of responsibility. We also find that petitioner's argument regarding his involuntary guilty plea flies in the face of the jury trial he received.
 
 
 7
 Petitioner also contends that the court should not have added two points for petitioner's role as organizer or manager in the cocaine transaction. The facts show otherwise. The quantity of cocaine, the drug paraphernalia, duck tape and brick molds of cocaine indicated that petitioner had prior drug experience and had established a high trust level by those involved in the transaction. The probation officer, based on these facts, found that petitioner played a "critical role" in the transaction, including directing two other people as to details of how to complete the crime. The district court properly adopted the PSI's factual findings made by the probation officer. See United States v. Kaufman, 985 F.2d 884 (7th Cir.1993), cert. denied, 113 S.Ct. 2350 (1993); United States v. Troka, 987 F.2d 472 (7th Cir.1993).
 
 
 8
 Finally, petitioner argues that his attorney "permitted erroneous, prejudicial information contained in the record ... [and] counsel ... failed to insure that sufficient rebuttal information was provided to the court at sentencing." Petitioner fails to cite a single fact which would help a court evaluate his claim, and thus we refuse to do so.
 
 
 9
 We conclude that petitioner's claims are entirely without merit. See Reed v. United States. Petitioner's attorney could wisely choose not to raise any of these points on direct appeal. Having suffered no prejudice through counsel's failure to raise these arguments on appeal, petitioner has failed to meet the Strickland standard for proving ineffective assistance of counsel. Strickland, 466 U.S. at 694, 697. Consequently, petitioner has also failed to show cause for procedurally defaulting by failing to raise these claims on appeal. Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, petitioner is not now entitled to have the claims considered outside of the framework of the ineffective assistance claim. See Velarde, 972 F.2d at 830.
 
 
 10
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record