USCA1 Opinion

 

 June 27, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1484 WILFRED HART, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ Stahl, Circuit Judge. _____________ ____________________ Wilfred Hart, Junior on brief pro se. ____________________ Jay P. McCloskey, United States Attorney, and Margaret D. __________________ _____________ McGaughey, Assistant United States Attorney, on Memorandum of Law in _________ Support of Motion for Summary Disposition, for appellee. ____________________ ____________________ Per Curiam. On March 23, 1987, petitioner- ___________ appellant Wilfred Hart, Jr. was indicted in the District of Maine on a fourteen-count third superseding indictment which alleged a number of narcotics offenses and two conspiracies to possess with intent to distribute cocaine. After a jury trial, Hart was convicted on June 1, 1988. On May 16, 1991, this court affirmed Hart's conviction on direct appeal. United States v. Hart, 933 F.2d 80 (1st Cir. 1991). _____________ ____ On April 1, 1991, while Hart's direct appeal was pending, Hart filed a petition to vacate sentence under 28 U.S.C. 2255. He filed an amended petition on April 22, 1991. Although a magistrate judge recommended that the petition be denied without prejudice because of the pending appeal, the district court took no action on this recommendation. On May 15, 1991, and, after the direct appeal had been decided, on November 12, 1991 and December 2, 1991, Hart filed supplemental 2255 petitions. On February 12, 1992, the district court adopted a magistrate judge's recommended decision that all of Hart's 2255 petitions be dismissed. Hart appeals. We affirm. Issues already resolved on direct appeal ________________________________________ Of the eight issues Hart raises in his brief, five already have been resolved by this court in the direct appeal from Hart's conviction: (1) ineffective assistance of counsel in general, id. at 82-83; (2) ineffective assistance of __ counsel on the specific ground that Hart's court-appointed trial counsel failed to produce several witnesses who allegedly would have testified in support of Hart's contention that the substance Hart was dealing was not cocaine, but incense, id. at 83; (3 & 4) Hart's two similar __ arguments that there was only a single conspiracy, so his conviction on two different conspiracy counts unconstitutionally placed him in double jeopardy, id. at 85- __ 86; and (5) Hart's argument that the district court, by granting a motion entitled "Motion ... on Lack of Jurisdiction for Sentencing with Federal Question," in effect ruled that it had no jurisdiction to sentence Hart, id. at __ 83-84. Absent some extraordinary circumstance not present here, we will not reconsider by way of collateral review arguments we have already resolved on direct appeal. United ______ States v. Butt, 731 F.2d 75, 76 n.1 (1st Cir. 1984). ______ ____ Pending motions and grounds for relief ______________________________________ Turning to Hart's remaining three issues, Hart alleges that the district court was without authority to enter a final judgment against him, and that this court is without appellate jurisdiction, because a number of Hart's motions -3- and grounds for relief remained undecided in the district court when the district court dismissed his 2255 petitions. The district court's order of dismissal, however, expressly denied all of Hart's pending motions, stating, "Hart's remaining motions are wholly without merit and warrant summary dismissal." No motions remained pending thereafter. Hart points out that neither the magistrate judge nor the district court expressly discussed each and every ground for relief set forth in his 2255 petitions. He appears to argue that those grounds for relief that were not mentioned remain pending as well. In fact, however, a dismissal order is final, and effectively dismisses the matter to which it relates, even though the order may not mention every particular argument or ground for relief the parties have raised. Absent some indication from the court to the contrary, a dismissal order is ordinarily deemed to implicitly reject all arguments or grounds for relief not specifically discussed. Accordingly, nothing in Hart's 2255 petitions remained pending. Failure to follow 2255 rules ______________________________ Hart next claims that the district court erred because it failed to follow Rule 3 of the Rules Governing 2255 -4- Proceedings in the United States District Courts, which states that the clerk of the district court "shall . . . enter [a 2255 petition] on the docket in his office in the criminal action in which was entered the judgment to which it is directed." According to Hart, the clerk instead assigned Hart's original 2255 petition a separate number, and did not enter it on the docket of Hart's prior criminal action. We reject this claim because Hart says nothing to suggest that this clerical error, if it occurred, prejudiced him in any way. Thus, Hart's contentions, even if true, provide no basis for 2255 relief. Alleged perjury of government witnesses _______________________________________ Finally, Hart alleges that the government knowingly permitted several of its witnesses to give perjured testimony at his trial. Hart did not raise this issue in his direct appeal, and he has said nothing to suggest that he did not know of the alleged perjury at the time of his direct appeal. Hart is therefore precluded from raising the matter in a 2255 context unless he can establish cause for the procedural default and resulting actual prejudice. Smith v. Murray, 477 _____ ______ U.S. 527, 536 (1986); Velarde v. United States, 972 F.2d 826, _______ _____________ 827 (7th Cir. 1992); Murchu v. United States, 926 F.2d 50, ______ _____________ 53-54 n.4 (1st Cir.), cert. denied, 112 S.Ct. 99 (1991). ____ ______ -5- Hart has not put forward any cause for the failure to raise this issue on direct appeal. Although Hart has claimed that his appellate counsel was ineffective, Hart raised a number of issues pro se in his direct appeal, in addition to the issues raised by counsel. Hart, supra, 933 F.2d at 82. ____ _____ In addition, Hart has not demonstrated any resulting prejudice. Even assuming, arguendo, that the testimony was ________ false, Hart has made no showing, and the record contains no evidence to suggest, that the government may have known or should have known of any perjury, or that the government may have induced it in any way. Consequently, Hart could not be entitled to a new trial based on the allegedly perjured testimony. Velarde, supra, 972 F.2d at 829. Hart's _______ _____ allegations of perjured testimony are accordingly barred because of Hart's procedural default. Conclusion __________ We have considered all of Hart's other arguments and find them meritless. The district court's denial of Hart's petitions to vacate sentence under 28 U.S.C. 2255 is affirmed. ________ -6-