IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2022

## RICHARD CLEOPHUS SMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 107115     G. Scott Green, Judge**

---

### No. E2022-00200-CCA-R3-PC

---

The petitioner, Richard Cleophus Smith, appeals the denial of his petition for post-conviction relief, which petition challenged his convictions of first degree murder, attempted first degree murder, employing a firearm during the commission of a dangerous felony, evading arrest, reckless endangerment, and leaving the scene of an accident involving injury, alleging that he was deprived of the effective assistance of counsel and due process. Because the petitioner's post-conviction counsel also represented the petitioner on direct appeal, we remand to the post-conviction court to determine whether the petitioner knowingly and voluntarily agrees to waive post-conviction counsel's conflict of interests.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated and Remanded**

JAMES CURWOOD WITT, JR., P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and CAMILLE R. MCMULLEN, JJ., joined.

Robert L. Jolley, Jr., Knoxville, Tennessee, for the appellant, Richard Cleophus Smith.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case arose from an incident in which the petitioner fired multiple gunshots from a vehicle, killing one victim and endangering others. *State v. Smith*, No. E2013-00215-CCA-R3-CD, 2014 WL 4215882, at *1-2 (Tenn. Crim. App., Knoxville, Aug. 27, 2014). This court summarized the evidence on direct appeal:

[E]arly on the day in question, Michael Cowan and Ron C. engaged in an argument. [The petitioner] is Ron C.'s cousin. That afternoon, witnesses saw a man driving a maroon Cadillac . . . in the Walter P. Taylor homes. Desmond Cowan, Michael Cowan's brother, was leaving the neighborhood market when someone began shooting at him from a car. Other witnesses identified the car as a maroon Cadillac . . . . As James Johnson and his friend, Ronald Gilmore, were walking toward the neighborhood market they saw and heard gunfire coming from a maroon Cadillac. The two men ran towards the market, but Mr. Gilmore did not make it to the market and was fatally wounded. When Officer [Joseph] Huckleby arrived, witnesses identified a maroon Cadillac as the car from which the shots came. The Cadillac came into view, and Officer Huckleby proceeded to pursue the Cadillac, which fled from him. The maroon Cadillac hit a vehicle, and the driver of the Cadillac ran into the nearby woods. Other officers began to pursue the driver. Eventually, they saw the driver and ordered him to the ground. [The petitioner] was the driver that they apprehended.

*Id.* at 4. The jury convicted the petitioner of felony murder, premeditated murder, attempted first degree murder, employing a firearm during the commission of a dangerous felony, evading arrest by motor vehicle, evading arrest, reckless endangerment, leaving the scene of an accident involving injury, and driving without a license in possession. *Id.* at 2. After a sentencing hearing, the trial court imposed an effective sentence of life plus 26 years. *Id.*

The petitioner challenged his convictions and sentence on direct appeal, and this court vacated the petitioner's conviction of driving without a license in possession and affirmed the trial court's judgments in all other respects. *Id.* at 1.

With the assistance of counsel, the petitioner filed a timely petition for post-conviction relief, alleging multiple instances of deficient performance by trial counsel and violations of his right to due process. Post-conviction counsel also represented the petitioner on direct appeal. When asked by the post-conviction court during the evidentiary hearing how counsel could "handle this post-conviction" having also represented the petitioner on appeal, counsel responded: "Because there's no issues, and I was requested to." The post-conviction court did not further inquire into post-conviction counsel's potential conflict of interests nor did the court obtain the petitioner's knowing and voluntary waiver of counsel's conflict. The post-conviction court did, however, question throughout the hearing whether certain issues were raised on direct appeal.

-2-

We note that a post-conviction petitioner has no constitutional right to counsel, *see Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010); however, the post-conviction petitioner is afforded a statutory right to counsel, *see* T.C.A. § 40-30-107(b)(1); *Frazier*, 303 S.W.3d at 680. Although "performance of post-conviction counsel is not governed by the standard set forth in *Strickland*," *Frazier*, 303 S.W.3d at 682, a post-conviction petitioner has "the right to be represented by conflict-free counsel," *id.* (quoting *Kevin Burns v. State*, No. W2000-02871-CCA-R9-PD (Tenn. Crim. App., Jackson, Aug. 9, 2001)). The role of post-conviction counsel is "not to protect [petitioners] from the prosecutorial forces of the State, but to shape their complaints into the proper legal form and to present those complaints to the court." *Frazier*, 303 S.W.3d at 682 (quoting *People v. Owens*, 564 N.E.2d 1184, 1190 (Ill. 1990)). Though post-conviction counsel's role differs from that of trial counsel, "[i]f post-conviction counsel is appointed to mold the defendant's allegations into legally cognizable shapes, that counsel must be as conflict-free as trial counsel." *Frazier*, 303 S.W.3d at 681 (quoting *People v. Hardin*, 840 N.E.2d 1205, 1212 (Ill. 2005)). Post-conviction counsel "with an actual conflict of interest is subject to disqualification." *McCullough v. State*, 144 S.W.3d 382, 386 (Tenn. Crim. App. 2003) (citing *State v. Tate*, 925 S.W.2d 548, 553 (Tenn. Crim. App. 1995)).

A conflict of interests exists when "an attorney is placed in a position of divided loyalties." *McCullough*, 144 S.W.3d at 385 (citing *State v. Culbreath*, 30, S.W.3d 309, 312 (Tenn. 2000)). Such divided loyalties may arise when an attorney who represented a petitioner on direct appeal also serves as that petitioner's post-conviction counsel. *Frazier*, 303 S.W.3d at 682-83; *McCullough*, 144 S.W.3d at 385 (stating that when post-conviction counsel had previously served as the petitioner's counsel on direct appeal "it is reasonable to anticipate that [counsel's] financial, business and/or personal interests may affect his professional judgment insofar as advising the [petitioner] about any possible ineffectiveness on his part with respect to the direct appeal"); *see also* Tenn. Sup. Ct. R. 8, RPC 1.7(2) ("A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer."). As our supreme court has stated, "[C]ounsel representing a post-conviction petitioner can hardly be expected to objectively evaluate his or her performance on the direct appeal of a conviction and sentence." *Frazier*, 303 S.W.3d at 683; (citing *Velarde v. United States*, 972 F.2d 826, 827 (7th Cir. 1992)).

In addition to an attorney's "obligation to avoid ethical violations in their practice of law," "courts have an independent duty to ensure that all proceedings are conducted within the ethical standards of the profession and are 'fair to all who observe.'" *Frazier*, 303 S.W.3d at 683 (quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988); and citing *Cuyler v. Sllivan*, 446 U.S. 335, 346-47 (1980)). "When, therefore, the [post-conviction] court is aware or should be aware of a conflict of interest, there must be an

inquiry as to its nature and appropriate measures taken." *Frazier*, 303 S.W.3d at 683 (citing *Sullivan*, 446 U.S. at 346-47). The post-conviction court has an affirmative "duty to either disqualify counsel with an actual conflict of interest or, as an alternative to disqualification, assure that a post-conviction petitioner has knowingly and voluntarily waived the conflict." *Frazier*, 303 S.W.3d at 679-80. Our supreme court has provided the following guidelines a post-conviction court should follow to ensure that a petitioner's waiver of the conflict of interest is knowing and voluntary:

> [The p]etitioner should (1) be brought into open court, (2) be given a full explanation on the record how this matter would affect him; (3) be advised of his right to appointment of other counsel; (4) be questioned under oath by the parties and the post-conviction court to determine his understanding of this matter and waiver; and (5) state under oath whether he desires to waive any appearance of impropriety.

*Frazier*, 303 S.W.3d at 684 (quoting *Burns*, slip op. at 8). If the petitioner makes "a knowing and voluntary waiver of the conflict of interest that is satisfactory to the [post-conviction] court," then "[c]ounsel may continue representation." *Frazier*, 303 S.W.3d at 684-85. Absent the petitioner's valid waiver of the conflict, however, the post-conviction court must disqualify post-conviction counsel and appoint conflict-free counsel. *Id.*

Because post-conviction counsel here was also the petitioner's counsel on the direct appeal of the underlying convictions, the post-conviction court should have either disqualified counsel and appointed a conflict-free attorney or conducted a hearing to advise the petitioner of the conflict and to give the petitioner an opportunity to waive the conflict. Furthermore, several matters in this case raise specific concerns regarding post-conviction counsel's conflict of interests. First, this court deemed an issue related to the self-defense jury instruction waived on appeal because appellate counsel included it only in a footnote of the brief and failed to "to include an argument or citation to authority." *Smith*, 2014 WL 4215882, at *7. Second, post-conviction counsel raised issues of trial court error and inappropriate statements by the prosecutor in the post-conviction petition under a due process argument, which issues were not raised on direct appeal. Finally, after post-conviction counsel submitted the appellate brief in this case, the petitioner moved pro se for this court to consider "several errors [that] have affected his substantial right," including an allegation of the ineffective assistance of appellate counsel.[1]

Therefore, if the post-conviction court seeks to obtain from the petitioner a waiver of counsel's conflict of interests, it should be certain to ascertain whether the

---

[1] This court dismissed the motion, noting that a party represented by counsel may not proceed pro se.

-4-

petitioner understands that he could have potential claims against appellate counsel but that his current post-conviction counsel cannot "be expected to objectively evaluate his . . . own performance on the direct appeal." *See Frazier*, 303 S.W.3d at 683.

Accordingly, we vacate the post-conviction court's judgment and remand to that court for a determination of whether the petitioner knowingly and voluntarily agrees to waive the conflict of interests of post-conviction counsel. If the petitioner does not agree to waive the conflict of interests, the post-conviction "court should appoint counsel, permit any amendments to the petition, and consider all potential grounds for relief." *Frazier*, 303 S.W.3d at 685.

Accordingly, the judgment of the post-conviction court is vacated, and the case is remanded to the post-conviction court for proceedings consistent with this opinion.

This opinion and judgment ends this appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE