SCHOOLFIELD *v.* DARWIN, Judge.

(*Knoxville,* September Term, 1944.)

Opinion filed February 3, 1945.

E. B. Baker and W. H. Norvell, both of Chattanooga, for appellant.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

This case is improperly styled. It is really an appeal from an order of the court made in the case of *State of Tennessee* v. *J. P. Tucker and Dan Bledsoe,* who were jointly indicted for burglary. Raulston Schoolfield, Esquire, a member of the Chattanooga Bar, was appointed by the court to represent both these defendants and declined to serve in that capacity, as will hereafter appear. The court fined him $50 for contempt on account of this refusal and he has appealed to this Court.

When the case was called in this Court we did not understand how it originated and transferred it to the Court of Appeals. A petition to rehear was filed by the State in which Mr. Schoolfield joined, showing that the fine for contempt was imposed on account of an incident

transpiring in the progress of a case in the criminal court. This being so, the contempt proceeding against Mr. Schoolfield is merely ancillary to the criminal prosecution. Since appellate jurisdiction of the main controversy would have been in this Court, rather than in the Court of Appeals, we have appellate jurisdiction of the incidental matter of contempt arising in the main case. *Graham* v. *Williamson*, 128 Tenn. 720, 164 S. W. 781; *McCormick* v. *Phillips*, 140 Tenn. 268, 204 S. W. 636, L. R. A. 1918F, 791.

The petition to rehear the order of transfer is accordingly granted and that order referring the case to the Court of Appeals is set aside.

As above stated, Tucker and Bledsoe were jointly indicted for burglary. Mr. Schoolfield had been employed to represent Tucker. Other counsel had been appointed to represent Bledsoe. When that case was reached in the criminal court Mr. Schoolfield applied for a continuance, which application the court refused. Counsel appointed for Bledsoe did not appear. His absence seems later to have been satisfactorily explained to the trial judge.

When his application for a continuance was denied, Mr. Schoolfield announced that he was withdrawing from the case and would no longer represent Tucker. Thereupon the court appointed him to represent both Tucker and Bledsoe and directed that the trial proceed.

Thereupon Mr. Schoolfield refused to act as attorney in the matter and to conduct the case for the two defendants. He suggested that there might be a conflict of interests in the defense of the two and he did not know whether he could properly represent both defendants. The court, however, insisted that he accept the appointment, proceed with the defense of the two men, and upon the attorney's persistent refusal, the court fined him $50 for

contempt, allowing the attorney, however, five days in which to file a motion for a new trial.

The motion for a new trial was heard in due season, overruled, and appeal taken as heretofore set out.

It is conceded on brief for the attorney that "the court did have a right to appoint counsel and to require counsel to serve." The contention in behalf of the attorney is that he could not be required to represent two defendants when their interests conflicted, when the defense of one would prejudice the other.

If defendants with conflicting interests are required to accept the services of a common attorney, each of these defendants would have ground for complaint. The defense of each would be embarrassed by the obligation of the attorney to protect the interest of the other. To this effect is the case of *Glasser* v. *United States*, 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680, relied on here. If Tucker or Bledsoe had been convicted herein and it had been made to appear on appeal to this Court that such defendant was prejudiced by·reason of Mr. Schoolfield's solicitude for the other, this would have been ground for reversal under the authority cited. That is as far as *Glasser* v. *United States* goes.

This is an appeal by the attorney himself, not by either of the defendants he was appointed to represent. We do not see how he individually could have suffered any hurt by undertaking to act as attorney for both these defendants.

Furthermore, it never was made to appear to the court below that there was any antagonism between the defense of Tucker and the defense of Bledsoe. Mr. Schoolfield himself did not say there was, only that there might be such antagonism. The trial judge allowed five days for a motion for a new trial, held this matter in abeyance

for that time, and we are satisfied that upon any showing by Mr. Schoolfield of a conflict of interests between the two defendants, he would have been relieved of the duty of appearing for one of them as well as of the fine. No such showing, however, was made or undertaken by him.

As this record comes before us it suggests that the attorney here was piqued because he failed to secure a continuance of the criminal case, withdrew from it, and refused to go on with it even under appointment from the court. As we have stated above, he concedes the authority of the court to require his services in matters of this kind generally but challenges that authority in this particular matter. We find nothing here to take this case out of the general rule, and the judgment below is affirmed.