STATE OF TENNESSEE ex rel. CECIL MELTON

*v.*

LYNN BOMAR, *Warden.*

(*Nashville,* December Term, 1956)

Opinion filed March 8, 1957.

JAMES C. CUNNINGHAM, Clarksville, LOUIS B. FINE, Norfolk, Va., for plaintiff in error.

454

HENRY C. FOUTCH, Assistant Attorney General, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a habeas corpus proceeding in which the relator Cecil Melton seeks to be released from the State Prison on the ground that he did not have an attorney at the time of the trial of his case at Clarksville.

It seems from the record that the defendant, Cecil Melton, and James Hines were young soldiers in the camp at Camp Campbell, a few miles north of Clarksville.

These two defendants were indicted and convicted of robbery of one Buchanan. While the pair were in jail at Clarksville, they along with several other soldiers, escaped from the jail and were indicted and convicted of this offense. They were arraigned at Clarksville, and both plead guilty and were given a compromise sentence to the penitentiary. These parties have been serving on

their sentence for more than a year. This habeas corpus proceeding was brought in the Criminal Court of Davidson County, and at the hearing the petition was dismissed. This appeal resulted.

The principal ground of complaint is that defendant, Melton, should have had counsel other than the attorney, who represented Hines; that there was a conflict of interest, that is that Hines committed the alleged crime and that Melton did not participate in it.

The defendant contends that his constitutional right under Article I, Section 9 of the Constitution of Tennessee, has been violated. This section provides as follows:

"Right of the accused in criminal prosecutions.— That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witness face to face, to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or presentment, a speedy public trial, by an impartial jury of the County in which the crime shall have been committed, and shall not be compelled to give evidence against himself."

Likewise Sections 40-2001, 40-2002 and 40-2003 of the Tennessee Code Annotated are pertinent to the issue involved. Said Code Sections are as follows:

"40-2001. Speedy trial—Right to be heard.—In all criminal prosecutions, the accused is entitled to a speedy trial, and to be heard in person and by counsel."

"40-2002. Counsel.—Every person accused of any crime or misdemeanor whatsoever, is entitled to counsel in all matters necessary for his defense, as well to facts as to law."

"40-2003. Appointment of counsel by court.—If unable to employ counsel, he is entitled to have counsel appointed by the court."

■ It is true where there is a conflict of interest between two or more defendants this should be borne in mind by the trial judge, and separate counsel appointed. However, to take advantage of the conflict of interest rule, that fact should be brought to the attention of the trial court. If there was a conflict of interest this fact was not called to the attention of the trial court. We think therefore that the case of *Schoolfield v. Darwin,* 182 Tenn. 192, 185 S.W.2d 509, and *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, have no application in this case.

■ Now it appears from the testimony of the District Attorney from Clarksville, who testified in this habeas corpus in the court below, that the defendant did have separate counsel in the person of Mr. Fowler, a reputable member of the Clarksville Bar.

■ Furthermore, it appears that the defendant pleaded guilty to the two charges in the Criminal Court in Clarksville, and it does not appear from the record that the defense of the defendant, Melton, was in conflict with the defense of Hines. It would have been the duty of the defendant to have made this fact known to the court at Clarksville, if such condition existed. But if there was a conflict we think the testimony of District Attorney

General that Mr. Fowler was appointed counsel for this defendant is a compliance with all of his constitutional and statutory rights.

It results that we find no error in the court below and it is affirmed.