## JOE CLINTON MORAN, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 457 S.W.2d 886.

Court of Criminal Appeals of Tennessee. May 25, 1970.

Certiorari Denied by Supreme Court Aug. 17, 1970.

Gareth S. Aden, Nashville, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Dep. Atty. Gen., Nashville, for respondent.

## OPINION

WALKER, Presiding Judge.

Without an evidentiary hearing, the trial judge dismissed his petition for post-conviction relief. He considered it under the Habeas Corpus Act rather than the Post-Conviction Procedure Act. Although T.C.A. § 40-3808 provides that a petition for habeas corpus may be treated as one for post-conviction, there is no provision that a petition for post-conviction may be treated as one for habeas corpus. In this case the result would be the same under either proceeding.

The petition alleges that he was jointly indicted with one William H. Buchanan for armed robbery. Represented by joint appointed counsel, he pleaded not guilty to armed robbery and Buchanan pleaded guilty to an attempt to commit a felony. He says Buchanan testified as a witness for the state against him. Petitioner was convicted and sentenced to twenty years in the penitentiary. His attorney appealed and the conviction was affirmed by the Supreme Court. See State v. Moran, 215 Tenn. 366, 385 S.W.2d 912. On his guilty plea, Buchanan was sentenced to the workhouse and to pay a fine.

The petitioner alleges that by this procedure he was denied the effective representation of counsel; that his

attorney should have requested the appointment of other counsel for him when his codefendant entered a plea of guilty to a reduced charge for a lesser sentence.

One attorney may represent by appointment two defendants indicted for participation in the same crime, unless the interests of the defendants are shown to be in conflict. See State ex rel. Melton v. Bomar, 201 Tenn. 453, 300 S.W.2d 875; Mueller v. State, 32 Wis.2d 70, 145 N.W.2d 84 (1966); State ex rel. Favors v. Tucker, 143 W.Va. 130, 100 S.E.2d 411 (1957); 21 Am.Jur.2d, Criminal Law, Sec. 319, P. 348. In these cases the issues were heard and the petitions were not dismissed without evidentiary hearings. In order to know whether or not the attorney could represent both defendants, an evidentiary hearing was necessary.

A single attorney may find his effectiveness impaired when he represents one defendant who denies his guilt and a codefendant who not only confesses his own complicity but also accuses the other of participating in the crime. See Sawyer v. Brough, 358 F.2d 70 (1966); State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966).

A petition alleging sufficient facts to establish that petitioner's conviction was void because of alleged denial of constitutional rights, state or federal, necessitates a trial of those facts under the Post-Conviction Procedure Act. See State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310.

Under the allegations of this petition, an evidentiary hearing is required.

The judgment is reversed.

MITCHELL and HYDER, JJ., concur.