JOE CLINTON MORAN, Petitioner, v. STATE OF
TENNESSEE, Respondent.—472 S.W.2d 238

July 27, 1971.

Certiorari Denied by Supreme Court October 4, 1971.

Gareth S. Aden, Nashville, for petitioner.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Arnold Peebles, Jr., Martha Craig Daughtrey, Assistant Attorneys General, Nashville, for respondent.

DWYER, J. The question presented by this appeal is whether or not the petitioner was deprived of effective assistance of counsel at his trial. The record is before us after the dismissal of the petitioner's petition for post conviction relief after an evidentiary hearing.

The petitioner is laboring under a conviction for committing the offense of armed robbery with confinement imposed by a jury for twenty years on May 13, 1964, with affirmation flowing from the appeal of this conviction in a published opinion of the Supreme Court. See State v. Moran, 215 Tenn. 366, 385 S.W.2d 912.

A prior post conviction petition had been dismissed without a hearing which on appeal was reversed by order of this court entered on February 2, 1970, commanding the instant evidentiary hearing.

A resume surrounding the factual situation from which the indictment flowed is to be found in the reported opinion State v. Moran, *supra*. At the hearing of this cause the narrative bill of exceptions filed in support of

the appeal has been marked and is on exhibit in this record. The minutes of the trial court on May 13, 1964, reflect that co-defendant entered a not guilty plea to the armed robbery charge and a guilty plea to an attempt to commit a felony. The petitioner entered a not guilty plea. They were both represented by the same counsel, who was on the public defender's staff. The minutes further reflect that co-defendant was found guilty and punishment assessed at a fine of fifty dollars and confinement for eleven months and twenty-nine days. No appeal was prayed. The petitioner was convicted and sentenced as related with the aforementioned appeal being taken.

At this hearing it developed that codefendant pled guilty at the outset of the trial to the reduced charge. It further was developed that petitioner had confessed to the crime but at the trial repudiated same and maintained an alibi defense. A fair and unbiased reading of this record coupled with the agreed stipulation of the narrative bill of exceptions reflecting the events at the trial lead but to one conclusion, that is, co-defendant Buchanan gave damaging testimony to the petitioner's case. We are corroborated in our findings as to this by a reading of State v. Moran, *supra*. We are also satisfied that under the circumstances the public defender conducted a spirited but, to say the least, ineffectual defense of petitioner. The petitioner here testified at a recess in the trial that co-defendant was informed that unless he repudiated some of his direct testimony he would not receive the recommended punishment. This is corroborated to some extent at this hearing by the representative of the State at the trial. The record reflects that co-defendant was called in rebuttal by the State and testified that the peti-

tioner told him they were going to rob the market. We, as before related, in our review find the record to be replete with many instances where co-defendant's testimony wreaked havoc upon petitioner's defense. We feel one counsel representing co-defendant and petitioner under these circumstances could not be effective. At the very outset a red flag was hoisted, to say the least, when their pleas to the indictment were conflicting. See United States v. Lovano, 420 F.2d 769 (1970). We are constrained to say that this fact of divergent pleas of the defendant was of itself more than prima facie evidence to alert the learned trial judge as required by State ex rel. Melton v. Bomar, 201 Tenn. 453, 300 S.W.2d 875.

In Schoolfield v. Darwin, Judge, 182 Tenn. 192, 185 S.W.2d 509, the following language may be found:

"If defendants with conflicting interests are required to accept the services of a common attorney, *each of these defendants would have ground for complaint. The defense of each would be embarrassed by the obligation of the attorney to protect the interest of the other.* To this effect is the case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, relied on here. If Tucker or Bledsoe had been convicted herein and it had been made to appear on appeal to this Court that such defendant was prejudiced by reason of Mr. Schoolfield's *solicitude for the other, this would have been ground for reversal under the authority cited.* That is as far as Glasser v. United States goes. (emphasis added)

We can arrive at no other conclusion than common counsel in this case under the hand he had to play was

placed in the impossible situation of maintaining that co-defendant would get the recommended sentence and at the same time trying to defend the petitioner who maintained his innocence. He was cast in the unenviable position of trying to explain away an incriminating statement of one of his clients made to the detriment of the other. To have successfully defended both under these circumstances would have strained the abilities of the greatest prestidigitator who ever lived. We are not unmindful that petitioner's guilt is and has been established to the satisfaction of our highest reviewing court, but the question developed herein was not called to the attention of our Supreme Court on the appeal. Nor is the question of guilt the question in this record. Under the factual situation developed at the trial and illuminated in this hearing assistance of counsel as guaranteed by the Sixth Amendment to the Federal Constitution and Article 1, Section 9 of our State Constitution was denied petitioner at the trial. We cannot presume from this silent record that petitioner waived his constitutional right to effective counsel under these circumstances. See Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. We therefore hold that the petitioner was unconstitutionally convicted. Therefore, the conviction imposed is void.

The judgment of the trial court in dismissing this petition is reversed.

We commend court-appointed counsel.

Russell and Mitchell, JJ., concur.