IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

MARVIN ANTHONY MATTHEWS, PRO SE v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. P 27855   Arthur T. Bennett, Judge

No. W2003-02980-CCA-R3-PC  - Filed May 21, 2004

The Petitioner, Marvin Anthony Matthews, appeals the trial court's summary dismissal of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petition for post-conviction relief is barred by the statute of limitations.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Marvin Anthony Matthews, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, State of  Tennessee.

**MEMORANDUM OPINION**

On December 13, 1988, a Shelby County jury found Petitioner guilty of grand larceny.  *See Marvin Anthony Matthews v. State*, No. 16, 1990 WL 2862, *1 (Tenn. Crim. App. at Jackson, Jan. 17, 1990), *perm. to appeal denied*, (Tenn. May 14, 1990).  The jury further found the Petitioner to be an habitual criminal and the trial court imposed a life sentence.  *Id.*  The Petitioner's conviction and sentence were affirmed on direct appeal.  *Id.*  Subsequently, Petitioner began filing a series of petitions for post-conviction relief.  *See, e.g., Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC, 2001 WL 394868, *1 (Tenn. Crim. App. at Jackson, Apr. 17, 2001) (post-conviction petition barred by statute of limitations); *Marvin A. Matthews v. State*, No. W2000-01893-CCA-R3-PC, 2002 WL 1482780, * 1 (Tenn. Crim. App. at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations).  One petition proved successful on appeal, with this Court reversing eight of

1

the thirteen prior felony convictions used by the State to prove the Petitioner's habitual criminal status. *See Marvin A. Matthews v. State*, No. 02C01-9204-CR-00091, (Tenn. Crim. App. At Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 3, 1993). Notwithstanding, the requisite number of qualifying convictions remained to satisfy his classification as an habitual criminal. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC, 2001 WL 394868, *1.

On November 12, 2003, Petitioner filed the instant petition seeking post-conviction relief in the Shelby County Criminal Court from his conviction for grand larceny and his classification as an habitual criminal. The trial court denied relief, stating that the petition is barred by the statute of limitations. On appeal, Petitioner avers that the statute of limitations should not act as a bar to relief as "his judgment is illegal and therefore void." Specifically, Petitioner maintains that he is being "held by authority of a final judgment under a misdemeanor form for a felony of larceny." The State responds that the statute of limitations bars the petition.

The Petitioner's conviction for grand larceny became final in 1990. Petitioner had three years in which to challenge this conviction in a post-conviction proceeding. *See* Tenn. Code Ann. § 40-30-102 (*repealed* 1995). The Petitioner raises no grounds upon which to toll the statute. *See Sands v. State*, 903 S.W.2d 297 (Tenn. 1995). Accordingly, the petition was properly denied as being barred by the statute of limitations. Moreover, while the claim may be raised in habeas corpus proceedings, a petition for post-conviction relief may not be treated as one for habeas corpus relief. *See Moran v. State*, 3 Tenn. Crim. App. 118, 457 S.W.2d 886, 887 (1970).

Notwithstanding, Petitioner alleges that his sentence is illegal. An illegal sentence may be corrected at any time. *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). Again, Petitioner alleges that the "mittimus writ of confinement was void on its face." Specifically, he alleges that the mittimus refers to an old statute relating to misdemeanor guilty pleas. Petitioner has previously raised this identical claim in a previous application for writ of habeas corpus relief. *See Marvin Anthony Matthews v. Charles C. Noles, Warden*, No. 02C01-9206-CC-00140, 1993 WL 46546, *1 (Tenn. Crim. App. at Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 1, 1993). A panel of this Court affirmed the lower court's denial of habeas corpus relief, finding that the statute relied upon Petitioner, Tennessee Code Annotated § 40-20-107, is inapplicable to his case. *Id. at *2*. Indeed, this Court held "[t]hat statute is the old sentencing statute which discussed the jury's role in setting sentences for crimes committed prior to 1982." *Id.* This Court held that the judgment entered by the trial court complied both with Rule 32(e), Tennessee Rules of Criminal Procedure, and section 40-20-101, Tennessee Code Annotated. *Id.*

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE