IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## COREY LILLARD v. STATE OF TENNESSEE

**Circuit Court for Rutherford County**
**No. F-52523**

---

**No. M2009-00380-CCA-R3-PC - Filed June 17, 2009**

---

The Appellant appeals the trial court's dismissal of his petition for post conviction relief. The Appellant filed his petition outside the statute of limitations. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, and THOMAS T. WOODALL, J.J., joined.

Gerald L. Melton, District Public Defender, for the Appellant.

Robert E. Cooper, Jr., Attorney General & Reporter, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On June 24, 2003, the Appellant pled guilty to three counts of sale of cocaine and received concurrent three year sentences. The Appellant filed a petition for post-conviction relief on January 6, 2009. The trial court summarily dismissed the petition after concluding it was filed outside the statute of limitations. However, the trial court subsequently appointed counsel to assist the Appellant on appeal. Appointed counsel now moves this Court pursuant to Court of Criminal Appeals Rule 22 to withdraw from further representation based upon his conclusion that the instant appeal is frivolous under Anders v. California, 386 U.S. 738 (1967). The Appellant has not responded. The Court agrees with counsel and hereby affirms the judgment of the trial court in accordance with Court of Criminal Appeals Rule 20.

The Appellant's post-conviction petition is clearly barred by the statute of limitations. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of final judgment. The Appellant filed the instant petition five and a half years after the entry of his guilty pleas. The Post-Conviction Procedure Act enumerates few exceptions to this one year time limit. See Tenn. Code Ann. § 40-30-102(b). In

order to qualify, the claim in the petition must be based upon a new rule of constitutional law requiring retrospective application, must be based upon new scientific evidence establishing actual innocence, or must assert relief from sentences which were enhanced because of a previous conviction that has subsequently found to be illegal.  Id.  However, the Appellant does not allege, and this Court does not find, the existence of any of these exceptions in this case.

As counsel observes, the crux of the Appellant's argument is that his sentence has expired.  Counsel correctly states that the proper avenue for seeking relief, should the Appellant's argument have merit, is by way of a habeas corpus petition.  See Tenn. Code Ann. § 29-21-101, et seq.  A petition for a writ of habeas corpus may be treated as one seeking post-conviction relief.  See Tenn. Code Ann. § 40-30-105(c).  However, the reverse is not the same.  There is no provision in our law which permits a court to treat a post-conviction petition as one seeking habeas corpus relief.  Moran v. State, 457 S.W.2d 886 (Tenn. Crim. App. 1970); see Andre L. Mayfield v. State, No. M2005-01988-CCA-R3-PC, 2006 WL 1491630 (Tenn. Crim. App., May 31, 2006).  The trial court, therefore, properly dismissed the petition as being time barred under the Post-Conviction Procedure Act.

The judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.  Counsel's motion to withdraw is granted.  The Appellant is hereby notified that he may petition the supreme court for review pursuant to Rule of Appellate Procedure 11.  Any application for permission to appeal must be filed within sixty days of this opinion.  The Clerk shall forward a copy of this opinion to the Appellant at his last known address.

_____
DAVID H. WELLES, JUDGE