Torrey L. FRAZIER

v.

STATE of Tennessee.

Supreme Court of Tennessee,
at Knoxville.

Jan. 5, 2010 Session.

Feb. 18, 2010.

Jeffery Scott Griswold, Knoxville, Tennessee, for the appellant, Torrey L. Frazier.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; Matthew Bryant Haskell and Leslie E. Price, Assistant Attorneys General; Russell Johnson, District Attorney General; and Frank A. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

GARY R. WADE, delivered the opinion of the Court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Upon his conviction for second-degree murder and affirmance by the Court of Criminal Appeals, the petitioner, represented by retained counsel, filed a post-conviction petition asserting several different grounds for relief. The State conceded that the trial court should grant a delayed appeal for the purpose of filing an application for permission to appeal to this Court. In accordance with Tennessee Supreme Court Rule 28, the remaining issues were stayed. When this Court denied permission to appeal, retained counsel continued to represent the petitioner throughout the evidentiary hearing as to the various claims of ineffective assistance of counsel at trial. The trial court denied relief, and the Court of Criminal Appeals affirmed. We granted the application for permission to appeal to consider the question of conflict of interest. Because the petitioner is entitled to conflict-free counsel under the Post-Conviction Procedure Act of 1995 as augmented by Supreme Court Rules 28 and 8, the cause is remanded for a determination of whether the petitioner had knowingly and voluntarily waived that right. If not, he is entitled to substitution of counsel, the opportunity to amend the petition, and a new evidentiary hearing on all issues presented.

### Factual and Procedural History

At approximately 1:00 a.m. on December 28, 1997, Torrey Lyonel Frazier (the "petitioner") shot and killed the victim, Anthony Eugene Thomas (the "victim"), at a place known as Skinny Miller's in Roane County. The petitioner fired multiple shots at close range, one of which penetrated the stomach, right lung, and aorta of the victim. The petitioner, charged with first-degree murder, claimed self-defense. He asserted that he had been threatened by the victim as a result of a prior incident and contended that, just prior to firing his gun, he had seen the victim reach for an object with a black handle in the front portion of his pants. Attorneys Charles B. Hill II and Spence Bruner were appointed as counsel. At trial, the police offered testimony that they had found no weapons during their investigation which might have supported the petitioner's claim. Further, a practical nurse, who had performed cardiopulmonary resuscitation on the victim shortly after the shooting, had loosened the victim's clothing at the scene and had not observed any weapon in his possession. The jury returned a verdict of second-degree murder, and the trial court imposed a sentence of twenty-two years.

On direct appeal, the petitioner challenged the sufficiency of the evidence and argued that the trial court had committed several errors by allowing inadmissible evidence, permitting the impeachment of a defense witness as to a pending criminal charge, and imposing an excessive sentence. The Court of Criminal Appeals affirmed the conviction and sentence. *State v. Frazier*, No. E2000-01364-CCA-R3-CD, 2001 WL 1627601, at *9 (Tenn.Crim. App. Dec.19, 2001). No application for permission to appeal was filed with this Court.

On July 21, 2004, some thirty-one months after the opinion was filed by the Court of Criminal Appeals, the petitioner, through his retained attorney Gerald L. Gulley, Jr., filed a petition for post-conviction relief. Among several allegations of ineffective assistance of counsel at trial, the petitioner asserted that his appointed counsel had performed deficiently by failing to notify him of the results of the

appeal, by failing to withdraw as counsel in accordance with Tennessee Supreme Court Rule 14,[1] and by failing to file an application for permission to appeal under Tennessee Rule of Appellate Procedure 11. The petition was not filed within one year as required by Tennessee Code Annotated section 40–30–102(a)–(b) (2006). Despite the statute of limitations issue, the State conceded that the petitioner was entitled to a delayed application for permission to appeal to the Supreme Court; however, the State contested the allegations that appointed counsel had otherwise been ineffective in the representation of the petitioner. The trial court granted the delayed appeal and, in accordance with Supreme Court Rule 28,[2] stayed consideration of the remaining claims in the petition.

While the petitioner was given the opportunity to file an application for permission to appeal to this Court, the application was denied on February 21, 2006. Afterward, the petitioner, still represented by attorney Gulley, received an evidentiary hearing on the remaining issues. He argued that his trial counsel had been ineffective in three ways: by failing to request a jury instruction on second-degree murder as a "result of conduct" offense; by failing to appeal the issue of jury instruction on second-degree murder; and by failing to present an issue of juror bias. At the conclusion of the hearing, the trial court denied relief, holding that the petitioner had not been denied the effective assistance of counsel as to any of the grounds alleged.

The petitioner, who continued to be represented by attorney Gulley, appealed, and, on March 25, 2009, the Court of Criminal Appeals affirmed the denial of post-conviction relief, addressing only the three issues presented at the evidentiary hearing. *Frazier v. State*, No. E2007–02518–CCA–R3–PC, 2009 WL 774482, at *1, *7 (Tenn.Crim.App. Mar.25, 2009). Afterward, the petitioner filed a pro se application for permission to appeal to this Court, arguing for the first time that the trial court had committed error by failing to sua sponte address a conflict of interest issue. The petitioner claimed that because attorney Gulley had represented him in the delayed appeal, he should have been disqualified in the subsequent post-conviction proceeding and appeal. He contended that he should have been advised of the potential conflict of interest in advance of the evidentiary hearing and given the opportunity to either waive the issue or insist upon substitution of counsel. Upon learning of the petitioner's allegations, attorney Gulley sought and received permission to withdraw. This Court granted permission to appeal in order to address the conflict of interest issue.

1. Permission for leave to withdraw as counsel for an indigent party after an adverse final decision in the Court of Appeals or Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the intermediate appellate court by filing a motion with the Appellate Court Clerk not later than fourteen (14) days after the intermediate court's entry of final judgment.

 ....

 This Rule shall apply to any case in which counsel has been appointed for an *indigent* party pursuant to Rule 13, Tenn. S.Ct. R.

2. "Upon determination ... that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court shall enter an order granting the petitioner a delayed appeal, staying the post-conviction proceedings pending the final disposition of the delayed appeal...." Tenn. Sup.Ct. R. 28, § 9(D)(1)(b)(i); *see also State v. Evans*, 108 S.W.3d 231, 235–36 (Tenn.2003).

## Standard of Review

 Under our statutory law, the Petitioner bears the burden of proving the allegations of fact in his post-conviction petition by clear and convincing evidence. Tenn.Code Ann. § 40–30–110(f) (2006); *Dellinger v. State,* 279 S.W.3d 282, 293 (Tenn.2009). On appeal, the findings of fact made by the trial court will not be disturbed unless the evidence contained in the record preponderates against them. *Brooks v. State,* 756 S.W.2d 288, 289 (Tenn.Crim.App.1988); *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Crim.App.1978). When reviewing the application of law to the post-conviction court's factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. *Dellinger,* 279 S.W.3d at 293; *Fields v. State,* 40 S.W.3d 450, 457–58 (Tenn.2001).

 Further, this Court, which bears the ultimate responsibility to regulate the practice of law in Tennessee, has the inherent authority to promulgate rules and otherwise govern conduct within the profession. *Doe v. Bd. of Prof'l Responsibility,* 104 S.W.3d 465, 469–70 (Tenn.2003). Our rules proscribe conflicts of interest. Tenn. Sup.Ct. R. 8, RPC 1.7.[3] Because of our special interest in the administration of the ethics of our profession, this Court has the plenary power to review any interpretation of the rules governing attorney conduct. *See In re Burson,* 909 S.W.2d 768, 774 (Tenn.1995); *Belmont v. Bd. of Law Examiners,* 511 S.W.2d 461, 462 (Tenn.1974). The trial court has the discretionary authority to disqualify counsel for conflicts of interest. *State v. Culbreath,* 30 S.W.3d 309, 312–13 (Tenn.2000). Generally, an abuse of discretionary authority occurs only when the trial court applies an incorrect legal standard or reaches a decision which is against logic and reason. *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn.1999) (quoting *State v. Shuck,* 953 S.W.2d 662, 669 (Tenn.1997)). Nevertheless, this Court must afford close scrutiny when disqualification of counsel based upon rules of professional conduct is at issue. *Clinard v. Blackwood,* 46 S.W.3d 177, 182 (Tenn.2001).

## Analysis

 Initially, there are circumstances under which courts must consider the merits of a post-conviction petition even when the petition is filed beyond the statute of limitations, as in this case. Secondly, if a trial court knows or should know of conflicts of interest which might disqualify an attorney from participating in a post-conviction proceeding, the subject must be addressed. More specifically, the trial court has a duty to either disqualify counsel with an actual conflict of interest or, as an alternative to disqualification, assure

---

**3.** Supreme Court Rule 8, RPC 1.7 addresses conflict of interest and provides, in part, as follows:

 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
 (2) each client consents in writing after consultation.
 (b) *A lawyer shall not represent a client if the representation of that client may be ma-*

*terially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests,* unless:
 (1) the lawyer reasonably believes the representation will not be adversely affected; and
 (2) the *client consents in writing after consultation.*
(Emphasis added.)

 The Tennessee Bar Association has filed a petition seeking amendment to the Rules of Professional Conduct, including Rule 8, section 1.7.

that a post-conviction petitioner has knowingly and voluntarily waived the conflict.

## I

The Post–Conviction Procedure Act of 1995 provides "a person in custody" under a sentence of a court of this state, Tenn.Code Ann. § 40–30–102(a), with the opportunity to ask that either a conviction or sentence be set aside or an appeal be granted on the basis of the denial of a constitutional right. Tenn.Code Ann. § 40–30–103 (2006). Ordinarily, a post-conviction petition must be filed "within one ... year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one ... year of the date on which the judgment became final." Tenn.Code Ann. § 40–30–102(a). If, however, the evidence demonstrates a deprivation of the right to request Supreme Court review, due process requires the tolling of the statute of limitations. *Williams v. State*, 44 S.W.3d 464, 471 (Tenn.2001). A "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal." *Pinkston v. State*, 668 S.W.2d 676, 677 (Tenn.Crim.App.1984).

As stated, the post-conviction petition was not timely filed in this case; however, the State acknowledged that the petitioner had not been notified by his trial counsel that the Court of Criminal Appeals had affirmed his conviction and sentence. That would qualify as a "unilateral termination ... following first tier review." *Id.* In consequence, the statute of limitations was tolled. Thus, the trial court properly granted the petitioner the opportunity to file an application for permission to appeal.

## II

Now we turn to the conflict of interest issue. In our view, the statutory right to counsel in a post-conviction case contemplates a conflict-free counsel, and, under these circumstances, the trial court had a duty of inquiry.

At the outset, there is no constitutional entitlement to the effective assistance of counsel in a post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722, 756–57, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). There is a statutory right to counsel. Tenn.Code Ann. § 40–30–107(b)(1) (2006); *McCullough v. State*, 144 S.W.3d 382, 385 (Tenn.Crim.App.2003); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555–56, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Leslie v. State*, 36 S.W.3d 34, 38 (Tenn.2000). This statutory right does not, however, serve as a basis for relief on a claim of ineffective assistance of counsel in a post-conviction proceeding and does not include "the full panoply of procedural protection that the Constitution requires be given to defendants who are in a fundamentally different position—at trial and on first appeal as of right." *House v. State*, 911 S.W.2d 705, 712 (Tenn.1995) (quoting *Finley*, 481 U.S. at 559, 107 S.Ct. 1990); *see also Stokes v. State*, 146 S.W.3d 56, 60 (Tenn.2004).

The rationale for the appointment of counsel in the post-conviction setting is to afford a petitioner the full and fair consideration of all possible grounds for relief. *Leslie*, 36 S.W.3d at 38. To that end, we have set forth obligations and responsibilities in our Supreme Court Rules. *Id.* Appointed and retained attorneys in post-conviction cases "shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims." Tenn. Sup.Ct. R. 28, § 6(C)(2). Retained counsel has the duty to file a certificate of counsel that certifies

that he or she: (1) has "thoroughly investigated the possible constitutional violations alleged by petitioner ... and any other ground that petitioner may have for relief"; (2) has "discussed other possible constitutional grounds with petitioner"; (3) has "raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law which petitioner has"; and (4) is "aware that any ground not raised shall be forever barred ... and ha[s] explained this to petitioner." Tenn. Sup.Ct. R. 28 § 6(C)(3), app. C. While these rules do not provide any basis for relief from a conviction or sentence, they do set forth a minimum standard of service to which post-conviction counsel is held.

Other jurisdictions have similarly held that a statutory right to post-conviction counsel, while not requiring the level of performance set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), does require a minimum level of assistance. For example, the Illinois Supreme Court has determined that

> [t]he right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the [Illinois] Post–Conviction Hearing Act. We have labeled that level "reasonable assistance." ... "If post-conviction counsel is appointed to mold the defendant's allegations into le-

gally cognizable shapes, that counsel must be as conflict-free as trial counsel. The right to reasonable assistance of postconviction counsel includes the correlative right to conflict-free representation."

*People v. Hardin*, 217 Ill.2d 289, 298 Ill. Dec. 770, 840 N.E.2d 1205, 1212 (Ill.2005) (internal citations omitted). While recognizing that a post-conviction petitioner is entitled to conflict-free counsel, courts in other states have, like our courts, stopped short of finding any guarantee of the effective assistance of counsel. *See, e.g., Murphy v. People*, 863 P.2d 301, 304 (Colo. 1993) (holding that trial court erred by appointing the same counsel for post-conviction that had represented the petitioner at trial, "causing an impermissible conflict of interest" that "[n]ot only ... harm[s] the interests of the client, who is entitled to the assistance of a zealous advocate, but [draws] the integrity of the entire judicial process ... into question"); *Howard v. State*, 17 So.3d 774, 778 (Fla.Ct.App.2009). *Cf. Manning v. Foster*, 224 F.3d 1129, 1134 (9th Cir.2000) ("[A] conflict of interest, independent of a claim of ineffective assistance of counsel, should constitute cause [for a procedural default] where the conflict caused the attorney to interfere with the petitioner's right to pursue his habeas claim.").[4]

■ Our Court of Criminal Appeals has interpreted "this statutory right, even though not a Sixth Amendment right, [to]

4. Some courts have gone a step further, holding that the statutory right to post-conviction counsel in their state includes the right to effective assistance of counsel. Such a conclusion would, of course, be inconsistent with our ruling in *House*. *See, e.g., Morgan v. Comm'r of Correction*, 87 Conn.App. 126, 866 A.2d 649, 654 (2005) ("[W]e conclude that a petitioner in a habeas proceeding has both the right to effective assistance of counsel and the right to be represented by habeas counsel who is free from conflicts of interest.");

*Brown v. State*, 278 Kan. 481, 101 P.3d 1201, 1203 (2004) ("For this court to recognize that an indigent has a statutory right to counsel, but then refuse to require some modicum of competence by such counsel, seems repugnant to the obvious legislative intent." (quoting *McCarty v. State*, 32 Kan.App.2d 402, 83 P.3d 249, 253 (2004) (Greene, J., dissenting))); *Johnson v. State*, 681 N.W.2d 769, 776–77 (N.D.2004) (citing cases and adopting the *Strickland* standard to assess the performance of post-conviction counsel).

include[ ] the right to be represented by conflict-free counsel." *Burns v. State*, No. W2000–02871–CCA–R9–PD, 2001 WL 912817, at *4 (Tenn.Crim.App. Aug.9, 2001).[5] While we agree with that assessment, we emphasize that a post-conviction petitioner does not stand in the same shoes as the criminally accused; therefore, performance of post-conviction counsel is not governed by the standard set forth in *Strickland*. Instead, the petitioner seeking post-conviction relief is entitled to counsel "not to protect them from the prosecutorial forces of the State, but to shape their complaints into the proper legal form and to present those complaints to the court." *People v. Owens*, 139 Ill.2d 351, 151 Ill.Dec. 522, 564 N.E.2d 1184, 1190 (1990).[6] The Post–Conviction Procedure Act, when read together with our Supreme Court Rules, simply sets out the minimum standards for performance demanded of counsel in post-conviction cases.

 Our rules provide that "[a] lawyer shall not represent a client if the representation of that client may be materially limited by . . . the lawyer's own interest." Tenn. Sup.Ct. R. 8, RPC 1.7. "Loyalty to a client is . . . impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict, in effect, forecloses alternatives that would otherwise be available to the client." *Id.* at cmt. [4].[7] Conflict of interest "includes any circumstances in which an attorney cannot exercise his independent professional judgment free" of competing interests. *Culbreath*, 30 S.W.3d at 312; *see also State v. White*, 114 S.W.3d 469, 476 (Tenn.2003). Counsel with such a conflict is subject to disqualification. *State v. Tate*, 925 S.W.2d 548, 553 (Tenn.Crim.App. 1995); *see also Moran v. State*, 4 Tenn. Crim.App. 399, 472 S.W.2d 238 (1971); ABA Standard for Criminal Justice Prosecution Function and Defense Function 4–3.5 (3d ed.1993). The term has been defined as a situation in which regard for one duty tends to lead to "disregard of another." *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542, 545 (1988).

In this instance, the State has acknowledged that an attorney in a post-conviction proceeding who has represented the same petitioner on direct appeal has a clear conflict of interest. *See Velarde v. United*

---

5. Although applicable only to post-conviction petitioners sentenced to death, we believe that the principles espoused in Tennessee Code Annotated section 40–30–207 are instructive in that the statute provides certain assurances of conflict-free counsel.

6. The right to effective assistance of counsel under the Sixth Amendment includes the corresponding right to conflict-free counsel, *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), and many courts considering claims of conflicted post-conviction counsel have analyzed them under the effective assistance standard set forth in *Strickland. See People v. Young*, 34 Cal.4th 1149, 24 Cal.Rptr.3d 112, 105 P.3d 487, 539 (2005) (holding that the claim that post-conviction counsel was "burdened by a conflict of interest" was not cognizable because there is no constitutional right to effective assistance

of counsel in post-conviction proceedings). We know of no authority, however, asserting that the right to conflict-free counsel cannot also exist outside the right to effective assistance of counsel. Indeed, as observed above, numerous courts have held that post-conviction petitioners are entitled to conflict-free counsel while still maintaining that such petitioners are not entitled to constitutionally or statutory effective assistance of counsel.

7. "While the disciplinary rules 'do not fully equate with the body of law governing courts, trials and the administration of the justice system,'" they often provide guidance in our determinations. *State v. Tate*, 925 S.W.2d 548, 550 (Tenn.Crim.App.1995) (quoting *State v. Claybrook*, No. 3, 1992 WL 17546, at *11 (Tenn.Crim.App. Feb.5, 1992)); *see also State v. Jones*, 726 S.W.2d 515, 519 (Tenn.1987).

*States,* 972 F.2d 826, 827 (7th Cir.1992) ("[T]rial counsel ... can hardly be expected to challenge ... his own ineffectiveness ....") (quoting *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991)). Similarly, counsel representing a post-conviction petitioner can hardly be expected to objectively evaluate his or her performance on the direct appeal of a conviction and sentence. In *McCullough v. State,* decided within two years of *Burns,* the trial court, after conducting an evidentiary hearing in a post-conviction proceeding, disqualified on conflict of interest grounds an attorney who had represented the petitioner in the direct appeal of a conviction for aggravated sexual battery. 144 S.W.3d at 385. Our Court of Criminal Appeals ruled as follows:

> [I]t is reasonable to anticipate that [counsel's] financial, business and/or personal interests may affect his professional judgment insofar as advising the [petitioner] about any possible ineffectiveness on his part with respect to the direct appeal. Where an attorney is placed in a position of divided loyalties—here, between himself and his client—an actual conflict is created. An attorney with an actual conflict of interest is subject to disqualification.

*Id.* (citation omitted).

■■■■■ Because attorneys, under our rules of professional conduct, have the obligation to avoid ethical violations in their practice of law, trial courts may ordinarily assume, without inquiry, that there is no conflict of interest or that the client has fully accepted the risks associated with any conflict. *Cuyler v. Sullivan,* 446 U.S. 335, 346–47, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Nevertheless, courts have an independent duty to ensure that all proceedings are conducted within the ethical standards of the profession and are "fair to all who observe." *Wheat v. United States,* 486 U.S. 153, 160, 108 S.Ct. 1692, 100

L.Ed.2d 140 (1988). When, therefore, the trial court is aware or should be aware of a conflict of interest, there must be an inquiry as to its nature and appropriate measures taken. *Sullivan,* 446 U.S. at 346–47, 100 S.Ct. 1708; *see also Wood,* 450 U.S. at 272, 101 S.Ct. 1097. Otherwise, prejudice will be presumed. *Sullivan,* 446 U.S. at 349–50, 100 S.Ct. 1708.

In summary, when the trial court knows or should know of a conflict of interest, it has the responsibility of inquiry. By failing to address the conflict of interest issue with the knowledge of the delayed appeal and the denial of the application for permission to appeal to this Court, the trial court committed error.

## III

The petitioner urges this court to establish a bright-line rule requiring disqualification of counsel in every instance after an unsuccessful delayed appeal. In response, the State suggests a case-by-case analysis, thereby requiring a remand to the trial court for a determination of whether the petitioner, after full disclosure by attorney Gulley, had waived his right to a conflict-free representation.

■■■■■ As pointed out, our rules permit a waiver of a conflict of interest if "(1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents in writing after consultation." Tenn. Sup.Ct. R. 8, RPC 1.7(b). In order to waive a conflict of interest, the petitioner must demonstrate that he fully understands the nature of the conflict and its effect; that he understands his right to the appointment of other counsel if necessary; and that, notwithstanding the potential ill effects of continued representation by counsel of record, he desires to proceed. *McCullough,* 144 S.W.3d at 386. A valid waiver must, of course, not only be made knowingly, but also be made

fully and voluntarily in the context of the case. *Id.; see also State v. Nichols,* No. E2007–02806–CCA–R3–CD, 2009 WL 1272307, at *5 (Tenn.Crim.App. May 8, 2009) (if counsel represented the petitioner on direct appeal and continues in the post-conviction proceeding, "he could be forced to review his own performance ... on direct appeal, and he could become a witness in a post-conviction hearing.") *Cf.* Tenn. R.Crim. P. 44(b). Even though a conflict of interest may be waived by a client in this manner, after full disclosure by counsel, trial courts must remain vigilant and retain substantial latitude for refusing to accept a waiver because of the unpredictability of the dimensions of the conflict. *Wheat,* 486 U.S. at 162–63, 108 S.Ct. 1692.

The case of *Burns v. State,* previously cited, stands as an illustration of the right to conflict-free counsel and the opportunity to waive that right. The office of the Post–Conviction Defender had been appointed to provide representation for Kevin Burns, who had been convicted of first-degree murder and sentenced to death; however, a member of the Post–Conviction Defender Commission, a nine-member board which governs the office of the Post–Conviction Defender, was related to the victim of the crime. *See* Tenn.Code Ann. § 40–30–203, –204(c)–(d) (2006). After the filing of the petition for post-conviction relief, the trial court granted the state's motion to disqualify the Post–Conviction Defender. In an interlocutory appeal, the Court of Criminal Appeals, while acknowledging the inherent right to counsel free of any conflict of interest, re-versed, holding that Burns could waive the conflict after full disclosure. *See Burns,* 2001 WL 912817, at *6. Our intermediate appellate court concluded that Burns was fully aware of the surrounding circumstances and had expressed the desire to continue his professional relationship with the Post–Conviction Defender. Because the facts did not otherwise dictate disqualification, Judge Joe G. Riley, writing on behalf of the court, remanded for the purpose of permitting Burns the opportunity to formally waive the conflict:

> [P]etitioner should (1) be brought into open court, (2) be given a full explanation on the record how this matter would affect him; (3) be advised of his right to appointment of other counsel; (4) be questioned under oath by the parties and the post-conviction court to determine his understanding of this matter and waiver; and (5) state under oath whether he desires to waive any appearance of impropriety. If petitioner understandingly waives any appearance of impropriety, [the trial court] shall allow the [Post–Conviction Defender] to continue to represent petitioner absent a compelling reason to the contrary. Absent a proper waiver, the post-conviction court shall appoint other counsel.

*Id.* at *7.

■■■ In our view, this ruling provides appropriate guidance for trial courts faced with an apparent conflict of interest under our rules. Disqualification of counsel is not required in every instance.[8] Counsel may continue representation, however, only when there has been a knowing and

---

8. The Court of Criminal Appeals described disqualification of counsel as a drastic remedy when based only upon the appearance of impropriety rather than an actual conflict of interest. *Burns,* 2001 WL 912817, at *6. Further, the court observed that the Office of Post–Conviction Defender was created to assure competent representation in capital cases, and that the office had invested some 1,500 hours of professional services on behalf of the petitioner. *Id.* Because Burns expressed trust in the office and sought their continued representation, such representation would not undermine confidence in the judicial system. *Id.* at *3.

voluntary waiver of the conflict of interest that is satisfactory to the trial court.

## Conclusion

The statute authorizing the appointment of counsel in a post-conviction proceeding implicitly includes the right to conflict-free counsel. When a conflict of interest is apparent, the trial court has the duty to conduct an independent inquiry prior to the evidentiary hearing. The trial court did not do so in this instance. The cause is remanded, therefore, for a determination of whether the petitioner, through his communications with attorney Gulley, knowingly and voluntarily waived the conflict of interest. If not, the petitioner is entitled to conflict-free counsel throughout the post-conviction proceedings. The trial court should appoint counsel, permit any amendments to the petition, and consider all potential grounds for relief.