IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2017

**ROBERT C. CLANTON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 18063      Forest A. Durard, Jr., Judge**

————————————————————————

**No. M2017-00977-CCA-R3-PC**

————————————————————————

The Petitioner, Robert C. Clanton, appeals from the denial of his petition for post-conviction relief, arguing that he received ineffective assistance of counsel.   Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Shane W. Uselton, Shelbyville, Tennessee, for the Petitioner, Robert Carlyle Clanton.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Robert J. Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Between July and September 2014, the Petitioner engaged in four separate controlled drug exchanges with the same confidential informant, one of which occurred within a school zone.  He was later convicted by a Bedford County jury of ten drug-related offenses and received an effective sentence of twenty-three years and six months. State v. Robert C. Clanton, No. M2015-02438-CCA-R3-CD, 2016 WL 5266548, at *1 (Tenn. Crim. App. Sept. 21, 2016), perm. app. denied, (Tenn. Dec. 15, 2016).  The sole issue presented in his direct appeal, which was affirmed by this court, was whether the trial court imposed an excessive sentence.  Id.  On January 23, 2017, the Petitioner filed a pro se petition for post-conviction relief, which was amended following the appointment of counsel.

At the post-conviction hearing, the Petitioner testified that trial counsel did not prepare him for trial and refused to interview the confidential informant. The Petitioner was particularly aggrieved because trial counsel did not sufficiently attack the credibility of the confidential informant at trial. The Petitioner believed that had trial counsel impeached the confidential informant with a pending criminal charge, the outcome of his case would have been different. The Petitioner agreed however that the informant's existing convictions, criminal history, and motivation for acting as a confidential informant were thoroughly explored at trial. The Petitioner also testified that he did not know that the confidential informant's trailer home, the location of the drug transaction, was in a school zone and that the confidential informant purposely lured him there. Finally, the Petitioner said that he was not consulted regarding the grounds upon which to appeal.

Trial counsel, an assistant public defender, had practiced criminal defense exclusively for the past eighteen years. He spoke with the Petitioner on "numerous occasions" for "between 30-45 minutes to an hour each time" prior to the Petitioner's trial. Trial counsel researched the Tennessee Department of Correction (TDOC) Offender Database and the clerk's office to determine the confidential informant's criminal history. His search revealed that the confidential informant had several felony convictions, some of which were beyond the ten-year limitations period. Trial counsel did not customarily conduct additional criminal history searches, unless he had additional information. He was unaware of the confidential informant's pending charge during the Petitioner's trial. Trial counsel did not believe the pending charge would have impacted the confidential informant's credibility because he was thoroughly cross-examined about his existing criminal history. Moreover, trial counsel described the State's proof against the Petitioner as "overwhelming."

Upon hearing the above proof, the post-conviction court issued a written order denying post-conviction relief. It is from this order that the Petitioner now appeals.[1]

**ANALYSIS**

The Petitioner argues that trial counsel was ineffective in failing to discover that the confidential informant had a pending charge and raise the defense of entrapment.[2] The State contends, and we agree, that the post-conviction court properly denied relief.

---

[1] As noted by the State, the Defendant's notice of appeal was premature. However, Tennessee Rule of Appellate Procedure 4(d) states, "[a] prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." See Tenn. R. App. P. 4(d).

In reaching our conclusion, we are guided by the following well-established law pertaining to post-conviction relief. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 687 (1984)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness

---

[2] The Petitioner raised several other issues in his amended petition for post-conviction relief and before the post-conviction court. Because none of these issues are addressed in this appeal, they are waived. See Tenn. Ct. Crim. App. R. 10(b).

under prevailing professional norms."  Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936).  Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  Id. at 370 (quoting Strickland, 466 U.S. at 694).  Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim.  Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient  showing of one component.

Id. at 370 (citing Strickland, 466 U.S. at 697).

First, the Petitioner claims that trial counsel was ineffective in failing to discover a pending charge of the confidential informant's at the time of the Petitioner's trial.  The Petitioner argues that the "pending charge[] would have further impeached the confidential informant's character as a reliable witness as it would have suggested to the jury that the confidential informant was testifying in the hope of leniency for the charges."  Here, we agree with the post-conviction court and conclude that trial counsel's background search of the confidential informant's criminal history was more than reasonable.  Trial counsel researched two databases and discovered the confidential informant had an extensive criminal history.  Trial counsel used the confidential informant's existing criminal history to impeach him at trial.  Because the Petitioner has failed to demonstrate deficient performance, he is not entitled to relief.

Next, the Petitioner claims that trial counsel was ineffective in failing to raise the defense of entrapment.  The Petitioner argues that the confidential informant lured him into the school zone by asking him for a ride to his trailer home, which the Petitioner did not know was within a protected school zone.  The post-conviction court denied relief based upon a lack of authority supporting the Petitioner's argument.  We agree with the post-conviction court's denial of relief but on different grounds.  "[I]t is a defense to prosecution that law enforcement officials, acting either directly or through an agent, induced or persuaded an otherwise unwilling person to commit an unlawful act when the person was not predisposed to do so."  T.C.A. § 39-11-505.  After viewing the evidence in the light most favorable to the defendant, "where the proof fairly raises the issue of entrapment, and the proof is supported by credible evidence, the trial court is required to give the instruction of entrapment whether requested or not."  State v. Blackmon, 78 S.W.3d 322, 331 (Tenn. Crim. App. 2001).  Then "the issue of predisposition becomes a question of fact for the jury."  Id. (citing Sherman v. United States, 356 U.S. 369 (1958)).

- 4 -

Tennessee Code Annotated section 39-11-505 requires an appellant to provide notice of an entrapment defense. See e.g., State v. Kenneth Wilson, No. 02C01-9510-CR-00322, 1996 WL 512637 at *4 (Tenn. Crim. App. Sept. 11, 1996).

Here, the post-conviction court's rejection of this issue was understandable. Trial counsel was not questioned as to why he did not raise the defense, there was no mention of whether the proof at trial supported the defense, and post-conviction counsel referenced it fleetingly in closing argument. Nevertheless, although this court has never held that a special instruction on "luring" into a school zone is required, we have recognized that "proof that the State lured a defendant into the 1000' school zone would 'fairly raise' an entrapment defense." State v. Jordan Peters, No. E2012-02135-CCA-R3-CD, 2014 WL 50795, at *13 (Tenn. Crim. App. Jan. 7, 2014) (quoting State v. Charles Lincoln Faulkner, E2006-02094-CCA-R3-CD, 2008 WL 2242531, at *16 (Tenn. Crim. App. June 2, 2008)); State v. Jordan Thomas Peters, No. E2014-02322-CCA-R3-CD, 2015 WL 6768615, at *9, *13 (Tenn. Crim. App. Nov. 5, 2015) (J. McMullen, concurring opinion) (discussing concept of luring in the context of drug free school zone cases). The proof at trial supporting the drug free school zone related conviction showed that the Petitioner was interested in selling drugs in exchange for guns. He met the confidential informant at a Dollar General Store for the drug transaction but left after noticing a police car across the street. The Petitioner then drove the confidential informant to the confidential informant's mobile trailer park, under the guise of obtaining the guns there. The confidential informant testified at trial that it was the Petitioner's idea, not his, to conduct the exchange at the mobile trailer park. Based on this proof, a jury instruction on the defense of entrapment or luring would not have been supported. Accordingly, the Petitioner has failed to show deficient performance or prejudice therefrom. He is not entitled to relief.

**CONCLUSION**

Based upon the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

- 5 -