IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 6, 2018

**CHARLES McCLAIN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 10-00509          James C. Beasley, Jr., Judge

_____

**No. W2017-00306-CCA-R3-PC**

_____

The Petitioner, Charles McClain, appeals the Shelby County Criminal Court's denial of post-conviction relief from his convictions for first degree premeditated murder and especially aggravated kidnapping, for which he received concurrent sentences of life imprisonment and twenty-five years, respectively. On appeal, the Petitioner contends that he was denied effective assistance of counsel because trial counsel failed to object to the introduction of evidence that had been ruled inadmissible. We affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Monica A. Timmerman, Bartlett, Tennessee, for the Petitioner, Charles McClain.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Michael R. McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background.** The Petitioner and three co-defendants were charged with first degree premeditated murder, first degree felony murder, and especially aggravated robbery. State v. Charles McClain, No. W2013-00328-CCA-R3-CD, 2014 WL 4754531, at *1 (Tenn. Crim. App. Sept. 24, 2014), perm. app. denied (Tenn. Jan. 15, 2015).

Prior to trial, the Petitioner filed a motion to suppress a cell phone that was in his possession at the time of his arrest, some jailhouse letters attributable to him, and his statement to police. After the State elected not to contest the motion to suppress, the trial

court entered an order suppressing this evidence. At some point before trial, one of the Petitioner's co-defendants agreed to testify for the State, and the Petitioner and the remaining two co-defendants proceeded to trial. Id.

At trial, the State presented proof that the Petitioner planned the robbery that resulted in the death of victim Tederrial Hancock. Evidence showed that the Petitioner knew the victim because the victim had a child with the Petitioner's estranged girlfriend and that the Petitioner provided the gun used during the offense. The Petitioner texted the victim the day of the offense claiming to be a girl named "Diamond" and set up a meeting between "Diamond" and the victim at a library parking lot, where the Petitioner's co-defendants robbed and killed the victim while the Petitioner waited across the street. Cell phone records revealed that the Petitioner texted the victim prior to the shooting and called or texted his three co-defendants before and after the shooting and that all of these calls and texts were made in the vicinity of the library where the victim was killed. Id. at *1-3. After hearing the evidence presented at trial, the jury convicted the Petitioner and his two co-defendants as charged, and the trial court merged the felony murder convictions with the first degree premeditated murder convictions. Id. at *1.

The Petitioner then filed a direct appeal, arguing that the evidence was insufficient to corroborate the testifying co-defendant's testimony, that he was prejudiced by the State's use of a hypothetical during voir dire when discussing criminal responsibility, and that the trial court should have allowed him to rehabilitate a prospective juror during voir dire. Id. at *6-11. This court affirmed the judgments of the trial court, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Id. at *12.

Following his unsuccessful direct appeal, the Petitioner timely filed a pro se petition for post-conviction relief and, after the appointment of counsel, filed two amended post-conviction petitions. The Petitioner alleged, in part, that trial counsel was ineffective in failing to object to the introduction of evidence that had been ruled inadmissible by the trial court.[1]

At the post-conviction hearing,[2] trial counsel testified that he represented the Petitioner at trial and that at that time, he had been practicing criminal defense exclusively for ten years and was a certified criminal trial specialist. Trial counsel said that the facts of the Petitioner's case involved someone posing as a girl named "Diamond" and using a cell phone to lure the victim to the library parking lot, where

---

[1] Although the page containing this allegation is missing from the copy of the second amended petition for post-conviction relief included in the appellate record, the transcript from the post-conviction hearing shows that the Petitioner properly preserved this issue.

[2] We will summarize only the testimony from the post-conviction hearing that is relevant to the issue presented on appeal.

several individuals robbed and murdered the victim. He said the State alleged that the Petitioner was the individual who made the phone calls to the victim and that the Petitioner was across the street while his co-defendants robbed and killed the victim.

Trial counsel explained that the primary defense was to suppress the evidence in the Petitioner's case, including the cell phone used to contact the victim that was in the Petitioner's possession at the time of his arrest, some jailhouse letters attributable to the Petitioner, and the Petitioner's statement to police. Trial counsel said the police located the Petitioner by using a device known as "Stingray" to illegally capture data from all the cell phones in the area, which resulted in the State not contesting the motion to suppress.

Trial counsel explained that because the State did not contest the motion, the trial court entered an order suppressing all physical evidence obtained at the time of the Petitioner's illegal arrest, including the cell phone, the jailhouse letters, and the Petitioner's statement to police. After this evidence was suppressed, trial counsel believed that one of the following scenarios would occur: (1) the State would dismiss the case, (2) the Petitioner would be able to enter a guilty plea to a lesser included offense, or (3) the defense would be successful at trial based on the tenuous evidence of the Petitioner's guilt.

However, trial counsel said that following the suppression of this evidence, the State was able to use other witnesses to connect the Petitioner to the cell phone number and was able to use cell phone records to show that the Petitioner's phone number had been used to contact the victim prior to the incident. Trial counsel stated that this alternate evidence connecting the Petitioner to the cell phone was "independent from the Fourth Amendment violation." Once trial counsel learned of the State's evidence, his theory of defense shifted to showing that the Petitioner was not responsible for his co-defendant's actions in robbing and murdering the victim.

Trial counsel said he had several conversations with the State about the evidence it was planning to present relating to this cell phone. He added that he was "hypervigilant" about how evidence related to this cell phone came into the trial because of the suppression order. Trial counsel believed that the evidence that came in at trial related to this cell phone "was admissible and was not subject to the [suppression] order." He added that if the appellate courts determined that this proof was inadmissible, then it was "clear error" on his part not to object and was "definitely not trial strategy."

During trial counsel's testimony, the trial court's suppression order was entered into evidence. In it, the trial court ordered "that all the evidence obtained by or through the search and seizure of Charles McClain, known at this time to be evidence[] of a

certain phone found in his possession, his statements to police and jailhouse letters attributed to him, are suppressed."

The Petitioner testified that trial counsel began representing him following his indictment. He claimed that trial counsel was ineffective in failing to object to witness testimony connecting him to the cell phone used during the offense. Although the Petitioner asserted that the cell phone records should have been suppressed because they connected him to the cell phone that was discovered through his illegal arrest, he admitted that he was only linked to these phone records at trial through witness testimony.

After the hearing, the post-conviction court entered an order denying relief, wherein it made the following findings of fact and conclusions of law:

> The petitioner alleges that his trial counsel was ineffective. It appears to the court that the evidence against the petitioner in the trial was circumstantial. A codefendant testified for the State and described the petitioner's role in the robbery and murder. He was identified as the person who set up the robbery and provided the weapon used in the murder. He was not present on the scene when the robbery and murder occurred. However, he was circumstantially linked to the other codefendants by cell phone records of all parties involved. The petitioner alleges that his attorney was ineffective for not keeping all of the records regarding cell phones out of evidence. Trial counsel had successfully suppressed evidence that showed that at the time of his arrest the petitioner had the victim's phone [on which he contacted the victim to lure him to the crime scene] in his possession. Trial counsel filed a Motion to Suppress the phone due to certain violations of Federal Laws. The State chose not to litigate the issue and conceded to allow the evidence to be suppressed. All evidence of phone records and phone usage was introduced independently of the suppressed evidence. All phone records linked the petitioner to his codefendants at the time of the crime and afterwards using all of their personal phones. . . . Petitioner failed to provide any proof that his counsel was ineffective. In the Court's opinion the key piece of evidence against the petitioner was suppressed due to the very effective arguments and motions filed by the trial counsel. Again, rather than litigate the issues when confronted with them by counsel, the State chose to suppress the evidence. This case was a circumstantial case against petitioner and trial counsel did a very effective job of representing and defending petitioner.

Petitioner has the burden of proving that but for the ineffective representation by his attorney he would have received a different and more favorable verdict. This court finds that he has not met that burden of proof. The court finds that trial counsel was very prepared to try and argue a very complex and difficult case involving multiple codefendants both for and against him.

Following entry of this order, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel was ineffective in failing to object to the introduction of evidence that had been ruled inadmissible by the trial court. Specifically, he claims that trial counsel should have objected to the admission of "any and all evidence related to the cell phone confiscated during [his] illegal search and seizure" because the trial court had already entered an order suppressing this evidence. Although the Petitioner acknowledges that the State introduced evidence connecting him to this cell phone that was unrelated to his illegal arrest, he nevertheless claims trial counsel's failure to object to this evidence prejudiced the outcome of his trial. The State contends, and we agree, that the Petitioner is not entitled to relief because he has failed to establish any deficiency on the part of trial counsel.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (citations and internal quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009).

- 5 -

Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Felts, 354 S.W.3d at 276 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim" and "a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697). This court reviews a claim of ineffective assistance of counsel, which is a mixed question of law and fact, under a de novo standard with no presumption of correctness. Smith v. State, 357 S.W.3d 322, 336 (Tenn. 2011).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence establishes that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 370 (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The petitioner must show that "counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." Mobley v. State, 397 S.W.3d 70, 81 (Tenn. 2013) (citation and internal quotation marks omitted). A reasonable probability of being found guilty of a lesser charge satisfies the prejudice prong. Id.

The State contends that the Petitioner failed to identify the particular pieces of evidence to which trial counsel should have objected. See Tenn. R. App. P. 27(a)(7)(A) (stating that a brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on."); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). However, the Petitioner, in his brief, contends that trial counsel was ineffective in failing to object to "any evidence related to the cellular phone that was found on his person." He further

asserts that "[t]he cell phone records were the strongest evidence against [him], and "their introduction certainly influenced the outcome of Petitioner's trial." Because we believe, based on these statements, that the Petitioner sufficiently identified the evidence in question, he has not waived this issue by failing to set forth his contention with sufficient specificity.

After reviewing the record in this case, we conclude that the Petitioner is not entitled to relief. Although the Petitioner claims that trial counsel was ineffective in failing to object to all evidence related to this cell phone, the record shows that the evidence admitted at trial was not excluded by the trial court's suppression order. At the post-conviction hearing, trial counsel testified that following entry of the suppression order, the State was able to use other witnesses to connect the Petitioner to the cell phone number and was able to use cell phone records to show that the Petitioner's phone number had been used to contact the victim prior to the incident. Trial counsel asserted that this alternate evidence linking the Petitioner to the cell phone was "independent from the Fourth Amendment violation." He also said he was "hypervigilant" about ensuring that only admissible evidence related to the cell phone was presented by the State at trial. Trial counsel opined that the evidence that came in at trial "was admissible and not subject to the [suppression] order." Moreover, the Petitioner admitted during his testimony that he was only connected to the cell phone records through witness testimony. In the order denying relief, the post-conviction judge, who was the same judge who presided over the Petitioner's trial, made a specific factual finding that all proof of the cell phone records and phone usage was introduced independently of the suppressed evidence. Because the evidence presented at the post-conviction hearing does not preponderate against the court's finding of fact, this finding is conclusive on appeal. See Vaughn, 202 S.W.3d at 115. Accordingly, the Petitioner has failed to establish any deficiency on the part of trial counsel. Because the Petitioner has failed to establish his claim of ineffective assistance of counsel, he is not entitled to post-conviction relief.

## CONCLUSION

Based on the aforementioned authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE